UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE B. WARREN and, <br> RONDALD E. WARREN, <br><br> Plaintiffs, <br><br> v. <br><br> CONTINENTAL TIRE NORTH <br> AMERICA, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:05CV2071 RWS <br> ) <br> ) <br> ) <br> ) <br> ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Plaintiffs' Motion to Remand this Case to the Circuit Court of the City of St. Louis [#8]. The Warrens argue that the case should be remanded because this is a diversity case and the allegations do not establish that the amount in controversy is greater than $75,000. Defendant Continental Tire North America, Inc. ("CTNA"), argues that it is apparent from the face of the allegations that the fact finder could conclude that Plaintiffs' damages exceed $75,000, and as a result, the removal was proper. CTNA is correct, and the motion to remand will be denied.

The Warrens allege that they were injured as the result of CTNA's negligence. Specifically, the Warrens allege that CTNA negligently manufactured tires, which were the cause of an automobile accident in which the Warrens were

injured.  Plaintiffs allege that Alice Warren "suffered multiple contusions, fractures of four ribs, a collapsed lung, a dislocated shoulder, a fracture of the scapula, an elbow injury, a forearm injury, a wrist injury, a sprained rotator cuff, abdominal injuries, and cervicalgia."  Plaintiffs further allege that Ronald Warren "suffered injuries to his head, brain, spine and neck."  Plaintiffs further allege that they have incurred medical expenses, will incur future medical expenses, have suffered a loss of income, that their earning capacity has been reduced, and that they have other unspecified damages.

Where complete diversity exists, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ."  28 U.S.C. § 1332.  The United States Court of Appeals for the Eighth Circuit has stated that "[t]he jurisdictional fact . . . is not whether the damages are greater than the requisite amount, *but whether a fact finder might legally conclude that they are*."  Kopp v. Kopp, 280 F.3d 883, 885 (8th Cir. 2002) (emphasis added).  "[T]he proponent of federal jurisdiction must show 'that it does not appear to a legal certainty that the claim for relief is for less than the statutorily prescribed jurisdictional amount.'"  Id. (quoting 14B Wright & Miller, Federal Practice and Procedure, § 3702 (3d ed. 1998)).

In this case, CTNA has shown that it does not appear to a legal certainty that the claim for relief is less than the jurisdictional prerequisite. Plaintiffs claim a multitude of injuries for which a jury could conclude that their damages exceed $75,000. Plaintiffs have also alleged lost wages and lost earning capacity in an unknown amount, for which a jury could conclude that their damages exceed $75,000. As a result, I will deny Plaintiffs motion to remand this case to the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand this Case to the Circuit Court of the City of St. Louis [#8] is **DENIED**.

Dated this 19th day of January, 2006.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE